UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terron Gerhard Dizzley, | Civil Action No.: 2:19-cv-00530-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Melvin Garrett, *Investigator, Georgetown County*, | |
| Defendant. | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, who recommends summarily dismissing Plaintiff's pro se complaint.[1] *See* ECF No. 9.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's pro se complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff Terron Gerhard Dizzley, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Melvin Garrett, an investigator for the Georgetown County Sheriff's Office. *See* ECF No. 1. Plaintiff alleges Defendant obtained an arrest warrant from a magistrate judge without probable cause, *see* ECF No. 1-1 (statement of claim), and Plaintiff seeks "5 million dollars for actual and punitive damages." ECF No. 1 at p. 6; *see* ECF No. 1-1 at p. 6. The Magistrate Judge recommends summarily dismissing this action because Plaintiff's complaint is frivolous. *See* R & R at pp. 4–6. Plaintiff has filed objections to the R & R. *See* ECF Nos. 11 & 13.

Having conducted a de novo review, the Court agrees with the Magistrate Judge that Plaintiff's claims for actual and punitive damages are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). A judgment for Plaintiff would necessarily imply the invalidity of his state-court conviction and sentence for murder.[3] Accordingly, the Court will summarily dismiss his complaint without prejudice. *See, e.g.*, *Russell v. Guilford Cty. Municipality*, 599 F. App'x 65 (4th Cir. 2015) (indicating a dismissal based on *Heck* should be without prejudice); *Poston v. Conrad*, 580 F. App'x 180 (4th Cir. 2014) (same); *Russell*, *supra* (affirming dismissal of complaint as frivolous based on *Heck*); *Joseph v. Gillespie*, 73 F.3d 357, 1995 WL 756280, at *1 (4th Cir. 1995) (same).

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R & R [ECF No. 9], and **DISMISSES** this action *without prejudice and without issuance and service of process*.[4]

**IT IS SO ORDERED.**

Florence, South Carolina  
April 16, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[3] As the Magistrate Judge notes, *see* R & R at p. 6 n.1, public records show Plaintiff has a pending state post-conviction relief ("PCR") action. *See Dizzley v. State*, No. 2015CP2200845 (filed Sept. 9, 2015), *available at* https://publicindex.sccourts.org/Georgetown/PublicIndex/PISearch.aspx. Plaintiff's PCR application indicates he was convicted of murder following a trial and sentenced to thirty-five years' imprisonment. *See id.*. *See generally* Fed. R. Evid. 201(c)(1), (d) ("The court . . . may take judicial notice on its own . . . [and] may take judicial notice at any stage of the proceeding."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

[4] Because *Heck* bars Plaintiff's claims, the Court declines to automatically give him leave to amend. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).