UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terron Gerhard Dizzley, ) | Civil Action No.: 2:19-cv-00530-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Melvin Garrett, ) | |
| Investigator, Georgetown County, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court for consideration of Plaintiff Terron Gerhard Dizzley's objections to the second Report and Recommendation ("R & R") of the United States Magistrate Judge Jacquelyn D. Austin, who recommends summarily dismissing Plaintiff's complaint without issuance and service of process.[1]  *See* ECF Nos. 35 & 37.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1]  The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's R & R to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion[2]

Plaintiff, a state prisoner proceeding pro se and in forma pauperis under 28 U.S.C. § 1915, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Melvin Garrett, an investigator for the Georgetown County Sheriff's Office. *See* ECF No. 1. Plaintiff alleges Defendant obtained an arrest warrant from a magistrate judge without probable cause, *see* ECF No. 1-1 (statement of claim), and Plaintiff seeks "5 million dollars for actual and punitive damages." ECF No. 1 at p. 6; *see* ECF No. 1-1 at p. 6. This Court initially accepted the first report and recommendation of the magistrate judge, dismissed Plaintiff's complaint without prejudice and without issuance and service of process under *Heck v. Humphrey*, 512 U.S. 477 (1994), and denied Plaintiff's motion to alter or amend the judgment. *See* ECF Nos. 14 & 18. The United States Court of Appeals for the Fourth Circuit vacated that decision, remanded the action, and entered a mandate. *See* ECF Nos. 32 & 33. The Magistrate Judge then issued a second R & R, which recommends summarily dismissing

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

2

this action as time-barred. *See* ECF No. 35. Plaintiff has filed objections to the R & R arguing his action is not time-barred for multiple reasons. *See* ECF No. 37.

First, Plaintiff argues the district court waived the statute of limitations defense by not raising it previously. *See* ECF No. 37 at 1–3. Although the standard rule is that a statute of limitations defense is waived if it is not timely raised by the defendant, when such a defense appears *on the face of a complaint* filed in forma pauperis pursuant to 28 U.S.C. § 1915 that rule is deviated from and the statute of limitations may be addressed sua sponte by the court. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). The Fourth Circuit has noted that such a deviation is justified because (1) in forma pauperis proceedings "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation" and (2) in in forma pauperis proceedings, "the district courts are charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit." *Id*. at 656. Thus, the district court has not waived the ability to dismiss this action as time-barred because the statute of limitations defense appears on the face of the complaint.

Next, Plaintiff avers the Magistrate Judge applied the wrong statute of limitations, arguing Defendant's actions resulted in fraud upon the court and that there is no statute of limitations for fraud on the court. *See* ECF No. 37 at 3–4. Because section 1983 does not contain a statute of limitations, "to determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit." *Owens v. Baltimore City State's Att'y Off.*, 767 F.3d 379, 388 (4th Cir. 2014). South Carolina law allows three years for a plaintiff to bring a personal injury action. S.C. Code Ann. § 15-3-530(5). "Therefore, the statute of limitations for § 1983 claims arising in South

Carolina is three years, regardless of the underlying allegations of the § 1983 claim." *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. August 11, 2016).

Plaintiff next contends the statute of limitations did not begin to run until he became fully aware of his injury upon receiving an investigative report from the private investigator he hired in 2018.[3] *See* ECF No. 37 at 5 & 7. Although for "most common-law torts, a plaintiff's cause of action accrues, and the limitations period commences, when the plaintiff knows or has reason to know of his injury" the Supreme Court has recognized that "if the common law provides a 'distinctive rule' for determining when the limitations period for a particular tort begins to run, a court must 'consider [ ]' this 'refinement' in determining when the limitations for the plaintiff's analogous claim under § 1983 should commence." *Owens*, 267 F.3d at 389 (alteration in original) (quoting *Wallace v. Kato*, 549 U.S. 384, at 388). In *Wallace*, the Supreme Court specifically found "the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397. Thus, the court found "the statute of limitations on the petitioner's § 1983 commenced to run when he appeared before the examining magistrate and was bound over for trial." *Id*. at 391–92. In the instant case, a preliminary hearing was held on or before January 14, 2009,[4] and Plaintiff did not file his complaint in this case until ten years later on February 19, 2019. *See* ECF No. 1-3; *see also Houston v. Lack*,

---

[3] The private investigator's report is dated August 14, 2018. *See* ECF No. 1-2 at 3.

[4] *See State of South Carolina v. Terron Gerhard Dizzley*, Case No. J525436, Georgetown County Fifteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Georgetown/PublicIndex/ (visited May 5, 2021) (noting a preliminary hearing disposition on January 14, 2009); *see also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("[Courts] routinely take judicial notice of information contained on state and federal government websites.").

487 U.S. 266, 270 (1988) (indicating a prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court). Thus, Plaintiff's suit was not timely filed.

Plaintiff also objects to the R & R arguing he could not have filed his complaint within the three year statute of limitations because his trial counsel, the Clerk of Court of Georgetown County, and the State concealed discovery information from him. *See* ECF No. 37 at 4–8. Within this objection, Plaintiff cites cases dealing with fraudulent concealment, equitable tolling and equitable estoppel. *See id.*

"The purpose of the fraudulent concealment tolling doctrine is to prevent a *defendant* from concealing a fraud, or committing a fraud in a manner that it concealed itself until the defendant could plead the statute of limitations to protect it." *In re Cotton Yarn Antitrust* Litigation, 505 F.3d 274, 291 (4th Cir. 2007) (emphasis added) (quoting *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995).

> "The doctrines of equitable tolling and equitable estoppel have a common origin; they are based primarily on the view that a defendant should not be permitted to escape liability by engaging in misconduct that prevents the plaintiff from filing his or her claim on time." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). The element common to both doctrines is some form of misconduct by the defendant. *Id*. Equitable tolling applies where a defendant, by active deception, conceals a cause of action. *Id*. And equitable estoppel applies where "the defendant engages in intentional

> misconduct to cause the plaintiff to miss the filing deadline," even though the plaintiff knows that it exists. *Id*

*Lekas v. United Airlines, Inc.*, 282 F.3d 296, 301 (4th Cir. 2002). Equitable tolling has also been applied when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Plaintiff has failed to allege any misconduct by Defendant to conceal the cause of action or cause Plaintiff to miss the filing deadline. Although Plaintiff alleges the discovery information was concealed from him, with an exercise of due diligence, Plaintiff would have had access to the warrant that he asserts gave him notice of the warrant's alleged lack of probable cause on September 9, 2015, when his application for post-conviction relief, which included an attached copy of his warrant and indictment, was filed in the state court.[5] *See Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (holding a limitations period may be triggered when an inmate could discover the factual predicate of his claim through public sources). Assuming, *arguendo*, that the statute of limitations was tolled until then, Plaintiff did not file the instant case until February 19, 2019, outside of the three year statute of limitations period. Thus, Plaintiff's complaint is not timely.

---

[5] *See State of South Carolina v. Terron Gerhard Dizzley*, Case No. 2015CP2200845, Georgetown County Fifteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Georgetown/PublicIndex/ (visited May 11, 2021) (providing a link to a document connected with Plaintiff's "Post Conviction Relief/Verification" filed on September 9, 2015); *see also Garcia*, 855 F.3d at 621 (4th Cir. 2017) ("[Courts] routinely take judicial notice of information contained on state and federal government websites.").

Plaintiff also contends that because he is imprisoned, he is legally disabled and any statute of limitations should be suspended until one year after such disability has been removed. *See* ECF No. 37 at 8. However, in 1996 the South Carolina General Assembly amended the statute that provides exceptions to the statute of limitations for civil actions to delete the provision providing an exception for imprisoned persons *See* 1996 S.C. Acts No. 234; *see also* S.C. Code Ann. § 15-3-40 (last amended 1996) (tolling statutes of limitations for those under the age of 18 or "insane"). Therefore, South Carolina law, which applies to the issue of timeliness in this matter, does not provide for statutory tolling of a limitations period based on imprisonment.[6]

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 35] and **DISMISSES** Plaintiff's complaint *with prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina					s/ R. Bryan Harwell
May 17, 2020						R. Bryan Harwell
							Chief United States District Judge

---

[6] Plaintiff also argues the statute of limitations should have been equitably tolled because he was falsely imprisoned. *See* ECF No. 37 at 9-11. However, Plaintiff's complaint against Defendant is solely based on a claim of false arrest, not false imprisonment, and as imprisonment does not serve as a reason to toll the statute of limitations, it follows that alleged false imprisonment would not either.

7